UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 13, 2012

LETTER TO COUNSEL:

  RE: *Leonard Martin v. Commissioner, Social Security Administration*;
    Civil No. SAG-11-3015

Dear Counsel:

  On October 21, 2011, the Plaintiff, Leonard Martin, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Martin filed his claim on October 16, 2008, originally alleging disability beginning on January 1, 2005. (Tr. 10). His claim was denied initially on February 5, 2009, and on reconsideration on June 17, 2009. (Tr. 10). A hearing was held on August 30, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 34-62). Just prior to the hearing, Mr. Martin amended his alleged onset date to September 1, 2007. (Tr. 36). Because Mr. Martin's earnings record establishes that he was insured only through September 30, 2007, he had to establish disability between September 1, 2007 and September 30, 2007 to be eligible for benefits. (Tr. 10). Following the hearing, on September 24, 2010, the ALJ determined that Mr. Martin was not disabled during the relevant time frame. (Tr. 7-20). The Appeals Council denied Mr. Martin's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Martin suffered from the severe impairments of osteoarthritis and feet and ankle pain. (Tr. 12). Despite these impairments, the ALJ determined that Mr. Martin retained the residual functional capacity ("RFC") to:

> [P]erform a limited range of light work as defined in 20 CFR 404.1567(a) except he can lift 20 pounds occasionally and 10 pounds frequently, he can stand or walk only 2 hours out of an 8 hour workday; he is requires [sic] an option to alternate positions every 45 minutes to one hour throughout the day; he can do no more

>than occasional posturals; he can do no climbing of ladders, ropes and scaffolds; and he must avoid exposure to hazards including unprotected heights.

(Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Martin could perform work as a front desk clerk, that he could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 15-16).

Mr. Martin presents five separate arguments on appeal. First, he contends that the ALJ's physical RFC findings were not supported by substantial evidence. Second, he argues that the RFC erroneously disregarded the opinion of his treating physician, Dr. Koppel. Third, Mr. Martin submits that the ALJ improperly relied upon flawed VE testimony. Fourth, he argues that the ALJ erred in finding that he has transferable skills. Fifth, he contends that the ALJ did not meet his burden to show that he can perform jobs that exist in significant numbers in the national and local economy. Each argument lacks merit.

In support of his first argument, Mr. Martin contends that no medical source established the precise restrictions and limitations found by the ALJ in his RFC. It is clear, however, that the ALJ reviewed the entire record, both medical and non-medical evidence, as he is required to do. *See* 20 C.F.R. § 404.1520(e). The ALJ relied in part on the state agency medical consultant's opinion finding insufficient evidence of disability prior to the date last insured. (Tr. 15). The ALJ also considered and cited the claimant's testimony (Tr. 13), and the medical evidence from various treating sources before, during, and after the relevant time frame. (Tr. 14). An ALJ need not copy his RFC assessment from a specific medical opinion, but he is entitled to base his RFC finding on the entire record. *See Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 231 (4th Cir. 2011). Moreover, unlike other cases involving technical testing or complex psychiatric diagnoses, Mr. Martin's complaints of leg and foot pain lend themselves more readily to a layperson's assessment of RFC. *Cf. Felton-Miller*, 459 Fed. Appx. at 231 (recognizing difference between bare medical findings and test results interpreted in functional terms). In this case, therefore, the ALJ's extensive discussion of the evidence he reviewed and considered provides substantial evidence to support his RFC determination that, at the relevant time, Mr. Martin was capable of light work with certain additional limitations.

Mr. Martin's second argument, regarding the assignment of weight to his treating physician, is also deficient. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the file contains no medical evidence from the relevant period between September 1, 2007 and September 30, 2007. Further, as the ALJ noted, "little evidence of record is offered prior to 2008, with the claimant's date last insured being September 30, 2007." (Tr. 14). The medical evidence, from Dr. Koppel and other sources, show an onset of significant problems in 2008. Dr. Koppel referred Mr. Martin to an orthopedist in September, 2008. (Tr. 180-81). In fact, even in his evaluation dated November 26, 2008, following the referral to the orthopedist, Dr. Koppel indicated that Mr. Martin could still potentially do

sedentary jobs. (Tr. 191). That evaluation is more than one year after the relevant period in which disability had to be established. The ALJ's decision to afford little weight to Dr. Koppel's subsequent opinions suggesting an earlier disability onset date is therefore supported by substantial evidence.

Third, Mr. Martin argues that the ALJ presented an improper hypothetical to the VE and relied upon VE testimony that contradicted the Dictionary of Occupational Titles ("DOT"). The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Mr. Martin's RFC. As a result, his hypothetical question to the VE, which accurately incorporated that RFC assessment, was permissible. Moreover, the VE's testimony did not contradict the DOT definition of "front desk clerk," simply because the DOT definition requires increased walking. The VE specifically testified that she was cutting the numbers of available positions in half to reflect the number of front desk clerk positions that would accommodate Mr. Martin's need for reduced walking and a sit/stand option. (Tr. 58-59). The ALJ properly relied on the substantial evidence provided by the testimony of the VE.

Fourth, Mr. Martin contends that the ALJ erred in finding that he has transferable skills. Again, the ALJ permissibly relied on the VE testimony to make that finding. The VE testified that the tools, process, and industry involved in Mr. Martin's past work as a security guard to work as a front desk clerk were "probably the equivalent." (Tr. 59). In his opinion, the ALJ specified the transferable skills established by the VE testimony: "alertness to detail in watching and observing, interpersonal skills in working with the public, reading and writing skills, and knowledge of security procedures." (Tr. 15). The ALJ fully explained that he was relying upon the VE's testimony regarding the marked similarities between Mr. Martin's past work and the job identified by the VE. (Tr. 16). Substantial evidence therefore supports the ALJ's conclusion regarding transferable skills.

Mr. Martin's final argument is that the Commissioner failed to identify jobs that exist in significant numbers that he can perform. The ALJ identified one specific job, front desk security monitor, which, when the numbers are reduced to account for Mr. Martin's additional limitations, has 500,000 jobs nationally and 12,000 jobs in Maryland. (Tr. 16). He based that finding on the testimony of the VE, who took the total number of jobs in that field and divided it by half to account for reduced walking and a sit/stand option. (Tr. 59). An ALJ is permitted to rely on the testimony from a qualified VE. *See* 20 C.F.R. 404.1566(d), (e).

The fact that the ALJ only identified one occupation presents no issue. 20 C.F.R. § 404.1566(b) requires that a claimant be able to do jobs "in one or more occupations." *See also Lawler v. Astrue*, No. 09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011). Moreover, because the ALJ found that there were 12,000 front desk security monitor jobs in Maryland that Mr. Martin could perform, that number well exceeds the number required to establish

"significant numbers in the national economy." *Cf. Lawler*, 2011 WL 1485280, at *5 (finding that the fact that there were only 75-100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy."); *Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number).

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge